UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **ERIC BOWERS**,<br><br>        Plaintiff,<br>v.<br><br>**METROWIRE MEDIA, LLC,**<br><br><u>Serve at</u>:<br>Reg. Agt. DSD Service Corp.<br>9101 W. 110th Street, Ste 200<br>Overland Park, KS 66210<br><br>and<br><br>**RUSSELL PEARSON,**<br><br><u>Serve at</u>:<br>3152 Grandstand Circle<br>Lee's Summit, MO 64081<br><br>and<br><br>**LISA SHACKELFORD,**<br><br><u>Serve at</u>:<br>1761 Burlington Street,<br>Kansas City, MO 64116<br><br>        Defendants. | Case No. 4:21-cv-719<br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

<u>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**</u>
(INJUNCTIVE RELIEF DEMANDED)

COMES NOW Plaintiff Eric Bowers ("Bowers"), by and through his undersigned counsel, and hereby states for his Complaint against defendants MetroWireMedia, LLC ("Metrowire"), Russell Pearson ("Pearson") and Lisa Shackelford ("Shackelford" and collectively referred to herein with Metrowire and Pearson as "Defendants") as follows:

# SUMMARY OF THE ACTION AND PARTIES

1. Plaintiff brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Plaintiff's original copyrighted works of authorship.

2. Plaintiff is a full-time, self-employed professional photographer who resides in Kansas City, Kansas.

3. Plaintiff's Work (as defined herein) at issue is part of his portfolio that depicts architectural subjects of significance in the Kansas City, Missouri metro area. Plaintiff's portfolio was years in the making.

4. In particular, the Work depicts the Kansas City street at sunset.

5. To create the Work, Plaintiff used professional-grade photography and editing equipment that he purchased for thousands of dollars.

6. To create the Work, Plaintiff invested many hours of his professional time.

7. Plaintiff is well-paid for the Work. The minimum fee for the time and a use-limited license of the Work that Defendants used without permission in this case is more than $1,000 per individual image for a licensee who wishes to use the image nationally.

8. Defendant Metrowire is a foreign corporation with its principal place of business in Kansas.

9. Upon information and belief, Defendant Pearson is a Missouri resident.

10. Upon information and belief, Defendant Shackelford is a Missouri resident.

11. At all times relevant, Defendants Pearson and Schakelford owned, controlled, and/or operated Metrowire, a news outlet covering commercial real estate, located in Lee's

Summit, Missouri with a business office located at 210 SW Market Street, Suite 142, Lee's Summit, MO, within this District.

12. Pearson and Shakelford personally obtained Plaintiff's Work and used it as referenced herein to promote their business, Defendant Metrowire.

13. Defendants took Plaintiff's copyrighted Work without a proper license in order to nationally advertise, market and promote its business activities across Missouri.

14. Defendants committed the violations alleged in connection with Defendants' business for purposes of advertising and promoting its business to the public in the course and scope of Defendants' business.

## JURISDICTION AND VENUE

15. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

16. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

17. Defendants are subject to personal jurisdiction in Missouri because Defendants took and used Plaintiff's Work depicting the Kansas City metro area to reach out to customers specifically in Missouri in order to promote Defendants' business in Missouri.

18. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in Kansas City area, Missouri in this District. Upon information and belief, Defendants engaged in infringement in this District, and Defendants are subject to personal jurisdiction in this District.

## THE COPYRIGHTED WORK AT ISSUE

19. In or about 2018, Plaintiff created a photograph entitled "union_hill_neighborhood_kansascity_mo-35", which is shown below and referred to throughout as the "Work."



20. Plaintiff thereafter sought the help of a professional copyright agent, ImageRights International ("ImageRights"), to help him timely and correctly register the Work.

21. ImageRights helped Plaintiff to register the Work with the Register of Copyrights on January 2, 2019 and Plaintiff's Work was assigned the registration number "VA 2-134-050." The Certificate of Registration for the Work is attached hereto as **Exhibit 1** and incorporated herein by reference.

22. The Work is an artistic rendering of the Kansas City street at sunset. To create the Work, Plaintiff took a series of drone photographs of the city streets and digitally edited and retouched lighting and "special effects" in the photo to create the final copyrighted image.

23. For example, Plaintiff employed special artistic skill to make the lights from the street, buildings and traffic appear soft in color even in low light conditions.

24. The photograph was the result of hundreds of photographs that Mr. Bowers sorted through and edited over several days to get the handful of images that were truly perfect- these were the images that Mr. Bowers selected for copyright protection.

25. At all relevant times, Plaintiff was the owner of the copyrighted Work at issue in this case.

## INFRINGEMENT BY DEFENDANTS

26. Defendants have never been licensed to use the Work at issue in this action for any purpose.

27. On a date after the Work at issue in this action was created, but prior to the filing of this action, Defendants copied the Work.

28. Defendants copied Plaintiff's copyrighted Work without Plaintiff's permission.

29. After Defendants copied the Work, they made further copies and distributed the Work on the internet to promote the sale of goods and services as part of their business.

30. Specifically, Defendants placed the Work on "www.metrowiremedia.com" (the "Website"), a website that Defendants owned, controlled, and operated.

31. Defendants used the Work to promote their business to real estate professionals.

32. Defendants' display of the Work was repeated and continuous.

33. Defendants displayed the Work on their website and stored it on their website for future use. *See* **Exhibit 2** and **Exhibit 3** from Defendant's Website.

34. Defendants displayed the work beginning in August of 2020.

35. Shortly thereafter, ImageRights noticed that Defendants appeared to be using the Work on Defendants' Website and made Plaintiff aware of Defendants' potentially unauthorized use of the Work.

36. Defendant's display of the Work is captured on their website in the following screenshot:



37. Plaintiff carefully reviewed the screenshot and determined that this was his Work and that Defendant did not have any license or permission to use the Work, as they had not paid him for the use of his Work.

38. Defendants copied and distributed Bowers' copyrighted Work in connection with Defendants' business for purposes of advertising and promoting Defendants' business, and in the course and scope of advertising and selling Defendants' goods and services.

39. Plaintiff's Work is protected by copyright, but is not otherwise confidential, proprietary, or trade secrets.

40. Defendants committed copyright infringement of the Work as evidenced by the screenshot exhibits attached hereto.

41. Plaintiff never gave Defendants permission or authority to copy, distribute, or display the Work at issue in this case.

42. Plaintiff has attempted to settle this matter amicably and for a minimum of expense with Defendants while seeking to avoid incurring any attorneys' fees or litigation expenses.

43. Plaintiff never gave Defendants permission or authority to copy, distribute, or display the Work at issue in this case.

**PLAINTIFF'S EFFORTS TO RESOLVE PRE-SUIT AND DEFENDANTS' RESPONSE**

44. Plaintiff notified Defendants in writing of the allegations set forth herein on September 7, 2021 and asked Defendants to pay for or license the Work. Defendants never responded.

45. Defendants have removed the image from their website but have refused to make a meaningful settlement offer for their use of the Work, however.

46. Plaintiff has attempted to settle this matter amicably and for a minimum of expense with Defendants while seeking to avoid incurring any attorneys' fees or litigation expenses.

47. Defendants have refused to make any meaningful attempt to settle this matter with Plaintiff.

48. Plaintiff had no option but to engage the undersigned attorney and has agreed to pay him a reasonable fee.

## COUNT I
## COPYRIGHT INFRINGEMENT

49. Plaintiff incorporates by reference all prior paragraphs of this Complaint as if such were fully set forth herein.

50. Plaintiff owns a valid copyright in the Work at issue in this case.

51. Plaintiff registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

52. Defendants copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Plaintiff's authorization in violation of 17 U.S.C. § 501.

53. Defendants performed the acts alleged in the course and scope of its business activities.

54. Plaintiff has been damaged.

55. The harm caused to Plaintiff has been irreparable.

WHEREFORE, Plaintiff Eric Bowers prays for judgment against Defendants such that:

a. Defendants and their agents, servants, employees, affiliated entities, and all of those in active concert with him, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

b. Defendants be required to pay Plaintiff his actual damages and Defendants' profits attributable to the infringement, or, at Plaintiff's election, statutory damages as provided in 17 U.S.C. § 504;

c. Plaintiff be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon; and

d. Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

Respectfully submitted,

**VOYTAS LAW, LLC**

By: /s/ Richard A. Voytas, Jr.
Richard A. Voytas, Jr. #52046
7321 S. Lindbergh Blvd., Ste. 101
Saint Louis, MO 63125
Phone: (314) 380-3166
Email: rick@voytaslaw.com

*Attorney for Plaintiff*